UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT DOUGLAS BRILL,<br><br>Defendant. | CASE NO. MJ25-091<br><br>COMPLAINT for VIOLATION Title<br><br>18 U.S.C § 2252(a)(2), (b)(1)<br><br>18 U.S.C § 2252(a)(4)(B), (b)(2) |

Before the Honorable Brian A. Tsuchida, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### (Receipt and Distribution of Child Pornography)

Beginning on a date unknown and continuing until on or about January 14, 2025, in King County, within the Western District of Washington, and elsewhere, SCOTT DOUGLAS BRILL knowingly received and distributed, and attempted to receive and distribute any visual depiction—the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct—using any means and facility of interstate and foreign commerce, such visual depiction had been mailed and shipped and transported in and affecting interstate and foreign commerce, and

Complaint - 1
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

such visual depiction contained materials that have been mailed and so shipped and transported, by any means, including by computer.

All in violation of Title 18, United State Code, Section 2252(a)(2) and 2252(b)(1).

## COUNT TWO

### (Possession of Child Pornography)

Beginning on a date unknown and continuing until on or about January 14, 2025, in King County, within the Western District of Washington, and elsewhere, SCOTT DOUGLAS BRILL did knowingly possess matter that contained visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in an affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by means, including by computer, and the depictions of child pornography involved images of a toddler. All in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

And the complainant states that this Complaint is based on the following information:

I, Detective Nicholas Kartes, being duly sworn under oath, depose and say:

## INTRODUCTION

1. I am a Detective with the Seattle Police Department (SPD) assigned to the Internet Crimes Against Children (ICAC) Unit. I have been employed as a sworn officer with the SPD since July 2008. I have been specially appointed as a Special Deputy U.S. Marshal and federal Task Force Officer (TFO) for the Federal Bureau of Investigation (FBI) since November 2023. As part of my current duties, I investigate criminal violations relating to child exploitation and child pornography, including violations

Complaint - 2
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

pertaining to the illegal production, distribution, receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have also had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256(8)).

2. As part of my current duties as an SPD ICAC detective, I investigate criminal violations relating to child exploitation and child pornography including violations of Title 18, United States Code, Sections 2251(a), 2252(a)(2), 2252(a)(4)(B), and 2243(a)(1). I have received training about child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography in various forms of media, including media stored on digital media storage devices such as computers, tablets, cellphones, etc. I am a graduate of Washington State Basic Law Enforcement Academy. I have participated in the execution of previous search warrants, which involved child exploitation and/or child pornography offenses, and the search and seizure of computers, related peripherals, and computer media equipment. I am a member of the Seattle Internet Crimes Against Children Task Force ("ICAC") and the FBI Child Exploitation & Human Trafficking Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children.

3. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. I have not set forth all facts known to me as a result of this investigation but only those facts I believe necessary to establish probable cause to conclude that SCOTT D. BRILL committed the offense charged in this Complaint.

Complaint - 3
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**SUMMARY OF THE INVESTIGATION**

4. On or about September 1, 2023, SCOTT D. BRILL (hereinafter BRILL) was convicted of RCW 9.68A.050(1)(a)(i), RCW 9.68a.011(4)(a)-(e) Dealing in Depictions of Minor Engaged in Sexually Explicit Conduct in King County Superior Court in Washington, under cause number 23-1-00601-8. BRILL is currently on community custody for this offense, which began on November 22, 2023.

5. BRILL's conditions of release included: Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68.011 (4) unless given prior approval by your sexual deviancy provider; and Do not use or access the World Wide Web, including email, except as specifically authorized by the supervising Community Corrections Officer (CCO) through approved filters. The CCO is permitted to monitor the filters for compliance with this condition. On 11/29/2023, Brill signed the Department of Corrections Conditions, Requirements, and Instructions indicating his understanding of the requirements of supervision. Under Notices, subsection Arrest, Search, and Seizure, the form states: I am aware that I am subject to search and seizure of my person, residence, automobile, or other personal property if there is reasonable cause on the part of DOC employees to believe that I have violated the conditions/requirements or instructions above.

6. On 01/14/2025, BRILL reported to a DOC office and asked his assigned CCO for assistance installing accountability software on a tablet the Veteran's Administration (VA) had given him. The CCO opened the Safari browser and saw that there was a message saying xHamsterLive had been blocked. His CCO knew from my training an experience that xHamsterLive is a sex and live porn site which violates his condition which states, "Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or

Complaint - 4
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68.011 (4) unless given prior approval by your sexual deviancy provider." BRILL is not participating in sexual deviancy treatment, so he is not able to obtain permission to view sexually explicit material. The use of an unmonitored device is a violation of the condition "Do not use or access the World Wide Web, including email, except as specifically authorized by the supervising CCO through approved filters.

7. On January 14, 2025, Washington State Department of Corrections (DOC) conducted a home check at BRILL's residence located in Seattle, King County, Washington. Brill was in custody for violations of his conditions of supervision and present.

8. BRILL admitted he had two phones in his bedroom. DOC Officer Bullard located multiple digital devices, including a OnePlus brand cell phone, which was seized as evidence.

9. DOC Officer Bullard conducted a cursory check of the OnePlus cell phone. Within the mobile application Google Files, she located multiple videos she identified as Child Sexual Abuse Material (CSAM).

10. The evidence seized by DOC during the aforementioned search of BRILL's residence was turned over to Seattle Police Department on or around January 21, 2025.

11. On January 23, 2025, a search warrant was obtained under SW number 25-0-60245-4 authorizing the search of five devices provided to SPD by DOC. The issuance of the search warrants was authorized by King County Superior Court Judge Suzanne Parisien.

12. On 1/28/2025, Detective Gill with the SPD ICAC Unit provided me with a digital copy of files she obtained during her digital forensic examination of the devices pursuant to the search warrant number 25-0-60245-4.

13. I reviewed the data acquired from BRILL's OnePlus cell phone. The phone had two Google accounts associated with its Android Operation system -

Complaint - 5
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  scottbrill2024@gmail.com and lordineedablessing2025@gmail.com. I found the phone to
2  have several images depicting CSAM stored on its internal storage. A folder located on
3  BRILL's device under file path "Google Photos lordineedablessing2025@gmail.com\
4  local media" is a folder that contains a local copy of files saved to that specific Google
5  account's Google Photos. I viewed these files and identified hundreds as depicting
6  CSAM, several of which depict the sexual abuse of babies, toddlers, and infants. Several
7  others depict adult women performing oral sex on extremely young males. I describe one
8  of these files located within BRILL's Google Photos folder as follows:

<u>Path:</u> Google Photos lordineedablessing2025@gmail.com\local media
<u>Filename:</u> VID_20250111_201329_028.mp4
<u>Description:</u> This is a color video that is 4-minutes 1-seconds in length and contains audio. The video depicts a female adult sexually abusing an approximately 2-year-old-female child. The adult female is wearing a strap-on dildo resembling a juvenile-sized penis. The child is wearing a black dress, black leggings, and her ankles are bound by what appears to be duct tape. Throughout the video, the female adult penetrates the child's anus with the dildo. The adult also digitally penetrates the child's anus. During the sexual assault, the adult occasionally slaps various body parts of the child, including her buttocks, genitalia, and upper torso. The child can be heard crying and expressing extreme discomfort during the assault. The age of the child is approximate based on her obvious small size and appearance, lack of pubic hair follicles, and audible cries.

14.     Within the phone's Android operation system file paths "…/com.google.android.apps.photos/cache/..." and "…/com.google.android.apps.nbu.files/cache/..." were numerous images depicting CSAM. I know these directories to relate to cached images once viewed from within the mobile applications Google Photos and Google Files, indicating the user of the phone – BRILL – had or has CSAM saved within those applications. I describe one of those files as follows.

<u>Filename:</u> f111252177d2fc0c560bc1969f6cea7f6afe5da1fa7d563a8c86cee21d499245

Complaint - 6
*United States v. Brill*
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Description: This is a color image depicting an unknown age female performing oral sex on the penis of an approximately 2-year-old male. The age of the male is based upon the size of his penis and scrotum, obvious small size in comparison to the head of the female, and child's lack of pubic hair follicles.

15. On February 12, 2024, BRILL was taken into police custody and subsequently interviewed. BRILL was advised of his Miranda rights, which he stated he understood and proceeded to waive. BRILL confirmed that his two email addresses he uses are scottbrill2024@gmail.com and lordineedablessing2025@gmail.com and that both were logged into his OnePlus cell phone. BRILL admitted possessing and trading CSAM using his OnePlus device. BRILL admitted to trading CSAM with another person online using a secure messaging application. BRILL admitted that CSAM is present on the OnePlus cell phone. While discussing his downloading and trading of CSAM despite his previous conviction and conditions of release set forth by the Department of Corrections, BRILL stated, "At the end of the day, I'm guilty as hell."

## CONCLUSION

16. Based on the above facts, I respectfully submit that there is probable cause to believe that SCOTT D. BRILL, committed the offense charged in this Complaint.

_____
NICK KARTES, Affiant
Detective, Seattle PD

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this __21st__ day of February 2025.

_____
The Honorable Brian A. Tsuchida
United States Magistrate Judge

Complaint - 7
United States v. Brill
USAO#: 2025R00171

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970