The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT DOUGLAS BRILL, <br><br> Defendant. | NO. CR25-034 JNW <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Teal Luthy Miller, Acting United States Attorney for the Western District of Washington, and Laura Harmon, Special Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Mr. Brill is before the Court for sentencing following his plea of guilty to Count 2, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) and § 2252(b)(2). Sentencing is scheduled for September 11, 2025, at 1:00 p.m.

For the reasons that follow, the Court should impose 36 months in custody and 20 years supervised release as recommended by the parties and U.S. Probation. It is appropriate in light of Mr. Brill's conduct in this case, his criminal history, and his personal characteristics.

SENTENCING MEMORANDUM – 1
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. FACTUAL AND PROCEDURAL BACKGROUND

As noted in the Pre-Sentence Report, this case involves the discovery of Mr. Brill's depictions of child sexual abuse material after it was discovered by his Department of Corrections (DOC) officer in January 2025. He was being supervision by DOC as a result of his prior depictions conviction in Washington state court. A search of his devices also revealed that Mr. Brill was exchanging these depictions with like-minded individuals online, which Mr. Brill admitted to when interviewed by law enforcement.

An indictment was filed on February 21, 2025. On May 6, 2025, Mr. Brill plead guilty pursuant to the filed Plea Agreement.

## II. GUIDELINES CALCULATIONS

The government concurs with the U.S. Probation Office calculation of the offense level (see PSR at ¶¶ 19–32). The government's calculations are as follows:

Count 2 - Possession of Child Pornography

| | | |
|---|---|---|
| Base Offense Level | 18 | USSG § 2G2.2(a)(1) |
| Minor under 12 | +2 | USSG § 2G2.2(b)(2) |
| Distribution for Value | +5 | USSG § 2G2.2(b)(3)(B) |
| Sadistic or Infant/Toddler | +4 | USSG § 2G2.2(b)(4) |
| Use of Computer | +2 | USSG § 2G2.2(b)(6) |
| Over 600 images | +5 | USSG § 2G2.2(b)(7)(D) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| **Total** | **33** | |

Mr. Brill was previously convicted of Dealing of Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree to 12 months and 1 day custody that results in 2 criminal history points. He was also previously convicted of No

SENTENCING MEMORANDUM – 2
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Contact/Protection Order Violation in Shelton Municipal Court that resulted in an additional point towards his criminal history category. Accordingly, his total of 3 points and a criminal history category of II. Based on that as well as the above offense level, his guidelines range is calculated at **151 to 188 months**.

### III.    SENTENCING RECOMMENDATION

The parties and U.S. Probation all recommend the 36-month sentence which is sufficient, but not more than necessary to comply with the purposes set forth in § 3553(a) for the reasons outlined herein.

**A.    Term of Imprisonment**

**1.    The Nature and Circumstances of the Offense**

Mr. Brill's conduct in this case, particularly close in time to his prior depictions conviction, demonstrate his ongoing sexual interest in minors and inability to conform his behavior to the law. This is indicative of someone who needs to be closely monitored to prevent future offenses. The recommended sentence is appropriate in light of all the facts of this case when taken in light of his personal characteristics. Despite Mr. Brill not physically assaulting the depictions victims, each of them receive notification that their imagery was again found in someone's possession. Each of these children are being abused and suffer mental and emotional damage as a result of this knowledge. These are the effects on the victims that are completely distinct from the effects of the original sexual abuse displayed in the images; the continued circulation of those images ravages victims' lives long after the abuse has ended.

SENTENCING MEMORANDUM – 3
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## 2. The History and Characteristics of the Defendant

Mr. Brill's personal history is outlined in the Pre-Sentence Report including experiences with substance addiction. The sentencing recommendation takes into account both aspects of his criminal history and personal characteristics.

## 3. Promoting Respect for the Law, Providing Just Punishment, and Affording Adequate Deterrence to Criminal Conduct

This recommended sentence is the shortest sentence necessary to impress upon Mr. Brill and others the seriousness of his offense and to deter future similar conduct. That sentence is not too harsh, as it is the minimum sentence available by law.

## 4. Avoiding Unwarranted Sentencing Disparity

The above recommendation is commensurate with similarly situated individuals before this Court. The government's recommendation is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's history, personal characteristics, risk to the community, and sexualization of children as well as collection and distribution of such imagery. The government has taken all of the foregoing into consideration in arriving at its recommendation.

## B. Supervised Release

The parties agreed to a period of supervised release of 20 years. Such a term of supervised release would allow U.S. Probation to properly and consistently supervise him and ensure he is not seeking out and utilizing this imagery. It would also allow Mr. Brill access to services and resources that may not otherwise be known or available to him after his release from custody. Certainly, the goal of all parties is to ensure Mr. Brill is not back before this Court or any other court again.

SENTENCING MEMORANDUM – 4
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Given Mr. Brill's conduct, it is important that the U.S. Probation Office maintain supervision over the defendant—and have the authority to search his electronic devices, as necessary—following his release to ensure that he is not accessing this type of material or engage in the above-mentioned exchange and distribution of imagery. The government agrees with the special conditions recommended by the Probation Office.

**C.     Fines and Assessments**

The Court must order the $100 special assessment required. If the Court makes a finding that Mr. Brill is indigent, the Court need not order the $5,000 penalty assessment under the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014(a)(3) (imposing such an assessment for all non-indigent persons convicted under Chapter 110 of Title 18, which Chapter includes Section 2252).

**D.     Restitution**

The government has not received any restitution requests thus far, but only recently received the report identifying the victims in this case. Accordingly, the government requests a restitution hearing be set in the future so those victims have time to send in their requests, be shared with defense, and to file any necessary briefing.

/

/

/

/

SENTENCING MEMORANDUM – 5
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

The government therefore respectfully requests the Court impose the agreed recommendation of 36 months of imprisonment, followed by 20 years of supervised release. This sentence takes into consideration the defendant's conduct, his acceptance of responsibility and personal characteristics and history, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 4th day of September, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Laura Harmon*
Laura Harmon
Special Assistant United States Attorney

SENTENCING MEMORANDUM – 6
*United States v. Brill*, CR25-034 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970